**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 16a0414n.06

**Case No. 15-2594**

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

**FILED**

Jul 22, 2016

DEBORAH S. HUNT, Clerk

| | | |
|---|---|---|
| THERESA ELY, | ) | |
| | ) | |
| *Plaintiff-Appellee*, | ) | |
| | ) | ON APPEAL FROM THE |
| v. | ) | UNITED STATES DISTRICT |
| | ) | COURT FOR THE EASTERN |
| DEARBORN HEIGHTS SCHOOL DISTRICT | ) | DISTRICT OF MICHIGAN |
| NO. 7, | ) | |
| | ) | |
| *Defendant* | ) | |
| | ) | O P I N I O N |
| and | ) | |
| | ) | |
| TODD THIEKEN; JEFFREY BARTOLD, | ) | |
| | ) | |
| *Defendants-Appellants*. | ) | |

BEFORE:    COLE, Chief Judge; BATCHELDER and COOK, Circuit Judges.

COLE, Chief Judge.  Plaintiff-Appellant Theresa Ely, a school custodian, sued Defendant Dearborn Heights School District No. 7 and Defendants-Appellants Todd Thieken and Jeffrey L. Bartold (collectively "Defendants") pursuant to 42 U.S.C. § 1983.  Ely alleges the Defendants violated her First Amendment rights by (1) engaging in prior restraint of her protected speech and (2) issuing two written reprimands after she spoke to coworkers and the public about asbestos exposure in a district school and its subsequent cover up.

The district court denied Thieken and Bartold's motion for summary judgment on the basis of qualified immunity. Noting that the analysis for a First Amendment retaliation and prior restraint claim are the same, the district court applied the balancing test set forth in *Pickering v. Board of Education*, 391 U.S. 563, 568 (1968). First, the district court held that Ely engaged in protected conduct by speaking as a private citizen on matters of public concern. Second, the reprimand letters were adverse actions for purposes of a First Amendment Retaliation suit because the second "plainly stated that continuing to engage in the 'inappropriate' conduct described in the letter of reprimand could lead to further discipline including discharge." *Ely v. Dearborn Heights Sch. Dist. No. 7*, No. 14-14500, 2015 WL 8608493, at *7 (E.D. Mich. Dec. 14, 2015). Third, even if Ely was motivated by personal interest or her complaints were exaggerated, "[t]he record contains sufficient evidence to support a conclusion that . . . the balance of the *Pickering* factors still weighs in favor of allowing rather than suppressing her speech about asbestos hazards in the defendants' schools." *Id.* at *6. Finally, the district court concluded that Ely's First Amendment rights in this particular context were clearly established at the time the reprimand letters were issued. This appeal followed.

After carefully reviewing the district court's opinion, the briefs, and the record in this case, we conclude that the district court did not err in denying qualified immunity to Thieken and Bartold. As the district court correctly set out the applicable law and correctly applied that law to the facts contained in the record, issuance of a full written opinion by this court would serve no jurisprudential purpose and would be duplicative. Accordingly, on the grounds stated in the district court's well-reasoned opinion, we AFFIRM.